UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DAMION STEWART AND SHURWIN     :
THOMPSON, Individually, on Behalf of All
Others Similarly Situated and as Class      :
Representatives,
                                    :    INDEX NO. 10-3688
         Plaintiffs,
                                 :    **JOINT STIPULATION OF CLASS**
    -against-                         **SETTLEMENT AND RELEASE**

        Defendants,         :

VISIONPRO COMMUNICATIONS, CORP.  :
and KEVIN SILVAR,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Subject to its terms and conditions and the approval of the Court, this Joint Stipulation of

Class Settlement and Release (the "Settlement") is made and entered into by and among named

and opt-in Plaintiffs Damion Stewart, Shurwin Thompson (together with Damion Stewart, the

"Class Representatives"), Edosa Isibor, Niall Williams, Donovan Samuels and Basil Archer

("Plaintiffs"), individually and by the Class Representatives on behalf of the putative class, and

Defendants VisionPro Communications, LLC ("VisionPro") and Kevin Silvar ("Silvar")

(collectively "Defendants").  Plaintiffs and Defendants are jointly referred to in this Settlement

as the "Parties," and each of them as a "Party."

**1.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

Class Representatives (for themselves and the Participating Class Members, as defined below)

and Defendants, with the assistance of their respective counsel, that, as among the Settling

Parties, including all Settlement Class Members, the Action, the Class Representatives' and Opt-

In Plaintiffs' Released Claims, the Released State Law Claims, the Released Federal Law

Claims, and Class Counsel's Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation and the Judgment.

## 2.   DEFINITIONS

In addition to terms defined elsewhere in the Settlement, as used in this Settlement the following terms have the meanings indicated below:

a.   "Action" means the civil action titled "*Damion Stewart, et al. v. VisionPro Communications, LLC and Kevin Silvar*," now pending in the United States District Court for the Eastern District of New York (Case No. 10-CV-3688).

b.   "CAFA Notice" means a notice of proposed settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, substantially in the form attached to this Settlement as Exhibit E.

c.   "Claimant" means a Class Member who has submitted a timely and valid Claim Form pursuant to this Settlement and who has not submitted an Election Not to Participate in Settlement form.

d.   "Claim Form" means the green form by which Class Members may claim their Settlement Shares and consent to join the FLSA collective action, substantially in the form attached to this Settlement as Exhibit C.

e.   "Claims Administrator" or "Settlement Administrator" means the third-party claims administration firm selected by the Parties and approved by the Court. The Parties have agreed to Simpluris as the Claims Administrator for this Court's consideration and approval.

f.   "Class 1" means one of the classes proposed by this Settlement, consisting of all individuals who are currently employed, or formerly have been employed, by VisionPro in the position of Technician or a comparable position in the State of

DB1/67403843.1

New York at any time during the period from August 6, 2004 through the date of the Preliminary Approval Order.

g.     "Class 2" means one of the two classes proposed by this Settlement consisting of all individuals who are currently employed, or formerly have been employed, by VisionPro in the position of Technician or a comparable position at any time during the period from August 6, 2007 through  the date of the Preliminary Approval Order.

h.     "Class Counsel" means Lipman & Plesur, LLP.

i.     "Class Member" is a member of Class 1 and/or Class 2, including the Class Representatives.

j.     "Class Notice" means the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing to be sent to Class Members after the Court grants preliminary approval of the Settlement, substantially in the form attached to this Settlement as Exhibit B.

k.     "Class Period" means: (1) for Class 1, the period of time beginning on August 6, 2004 and ending on the date of the Preliminary Approval Order; or (2) for Class 2, the period of time beginning on August 6, 2007 and ending on the date of the Preliminary Approval Order.

l.     "Compensable Work Week" means a seven-day work week, as defined by VisionPro's payroll system, during which a Claimant was actively employed (i.e., not on a leave of absence) as a Technician or comparable position by VisionPro. If a Claimant was employed for only part of a Compensable Work Week as best can be determined by VisionPro, he or she will be credited for purposes of the Settlement with a Compensable Work week.

m.     "Counsel for Defendants" means Michael J. Puma and Adam S. Wexler of Morgan, Lewis & Bockius LLP.

-3-

n.      "Court" means the United States District Court for the Eastern District of New York.

o.      "Election Not to Participate in Settlement Form" means the form by which a Class Member may elect to exclude himself or herself from the Settlement as evidenced by Exhibit D to this Settlement.

p.      "Final" means the last of the following dates, as applicable:

     i)      If no Class Member files an objection to the Settlement, then the date the Court enters a judgment dismissing the Action and Final Approval Order of the Settlement;

     ii)     If a Class Member files an objection to the Settlement, then after the applicable date for seeking appellate review of the District Court's final approval of the Settlement has passed, assuming no appeal or request for review is filed within thirty (30) days of the Final Approval Order as defined below; and

     iii)    If an appeal is filed, the final resolution of that appeal (including any requests for rehearing and/or petitions for writ of certiorari) resulting in the final judicial approval of the Settlement.

q.      "Final Approval Order" means the Court's order granting final approval of the Settlement, which will constitute a "judgment" within the meaning of Rule 58(a), Federal Rules of Civil Procedure, substantially in the form attached to this Settlement as Exhibit F.

r.      "Notice Materials" means the Class Notice, the Claim Form, and the Election Not to Participate in Settlement Form.

s.      "Participating Class Member" means a Class Member who has not completed and timely submitted an Election Not to Participate in Settlement form.

t.    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

u.    "Preliminary Approval Order" means the Court's order granting preliminary approval of the Settlement, substantially in the form attached to this Settlement as Exhibit A.

v.    "Qualified Settlement Fund" or "QSF" means the qualified settlement fund set up by the Settlement Administrator with the Settlement Payment.

w.    "Settlement Payment" means the payment by VisionPro of Three Hundred Fifty Thousand Dollars and No Cents ($350,000.00) to fund the QSF pursuant to this Settlement.  The Settlement Payment will be the sole source and maximum payment by VisionPro to fund, under this Settlement, the (i) Settlement Shares, (ii) the Class Representative and Opt-In Plaintiff Payments, (iii) VisionPro's share of payroll taxes on all payments from the QSF to which such taxes are applicable; (iv) the Class Counsel Attorneys' Fees Payment (including costs), and (v) the reasonable fees and expenses of the Settlement Administrator.  Under no circumstances shall Defendants be obligated to pay any amounts pursuant to this Settlement except as set forth in this paragraph.

x.    "Settlement Share" means each Class Member's potential share of the Net QSF (defined below in paragraph XIV.A.2.a), as calculated pursuant to this Settlement.

y.    "Settling Parties" or "Parties" means Defendants, the opt-in Plaintiffs, and the Class Representatives on behalf of themselves and all Participating Class Members.

z.    "Days" or "days" refer to calendar days below unless specifically indicated as business days.

DB1/67403843.1

3.     **RECITALS**

a.     On August 6, 2010, the Class Representatives commenced the Action on behalf of themselves and all other individuals allegedly similarly situated to them (the "Proposed Class") with respect to the claims they asserted.

b.     In the Action, the Class Representatives alleged that VisionPro did not properly pay Technicians minimum wages or overtime premium pay, and also that Technicians' wages were subject to improper deductions, all allegedly in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and/or the New York Labor Law and its implementing regulations ("NYLL").

c.     On October 18, 2010, Defendants answered the Complaint in the Action. Defendants denied the Class Representatives' material allegations; maintained that the Court should not certify the class action and the collective action proposed by the Class Representatives, that the Class Representatives and the proposed Class were properly paid all wages due under the FLSA and NYLL, and that Defendants bore no liability to the Class Representatives or the proposed Class; and raised other defenses.

d.     In the course of litigating the Action, the Parties have exchanged substantial data regarding the Class Members' payroll and employment history, Compensable Work Weeks in the Class Period, and documents reflecting hours worked by the Class Members.

e.     On May 3, 2011, the Parties participated in good-faith, arms-length negotiations presided over by former United States District Court Judge Diane Welsh.  Based on those negotiations, the Parties agreed to settle the Action and to release all claims covered by this Settlement.

f.     Class Counsel conducted a thorough investigation into the facts of the Action. Based on the information and documents exchanged between the Parties, and their own independent investigation and evaluation, their numerous interviews with Class Members, meeting with putative Class Members, Class Counsel's

-6-

attendance at several hearings related to unemployment insurance which provided Class Counsel with the opportunity to examine witnesses and collect facts, examination of the law, attendance at court hearings, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendants as to both class and collective action certification and the merits of the claims, and potential appellate issues.

g.      It is the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in or related in any way to the Action as more fully set forth in Section 16 below.  In order to achieve a full and complete release of the released persons, the Participating Class Members, including the Class Representative, acknowledge that this Settlement is intended to include and resolve all the claims that were pled or could have been pled based upon the factual allegations of the Complaint, and as more fully set forth in Section 16 below.

h.      This Settlement represents a compromise of highly disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by Defendants that the claims in the Action have merit or that they have any liability to Plaintiffs or any Class Member on those claims or any other claim.

## 4.      DUTIES OF THE PARTIES TO SEEK PROMPT COURT APPROVAL

a.      No later than June 1, 2011, Plaintiffs will move the Court for entry of the Preliminary Approval Order, including the following terms:

i)      For settlement purposes only and without reaching any determination as to the manageability at trial of the proposed class action under Rule 23(b)(3), Federal Rules of Civil Procedure, conditionally certifying Class 1 as an opt-out class under Rule 23(b)(3), and provisionally certifying Class 2 as an FLSA opt-in collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b).

ii)     Preliminarily approving the Settlement.

iii)    Preliminarily approving Class Counsel's request for attorneys' fees.

iv)     Scheduling a final approval hearing on the questions of (1) whether the
Settlement should be finally approved as fair, reasonable, and adequate as
to the Participating Class Members; (2) whether the Court should grant
Plaintiff's motion for the Class Representatives and Opt-In Plaintiffs
Payments to which there is no objection by Counsel for defendants; and
(3) whether the Court should grant Class Counsel's motion for the Class
Counsel Attorneys' Fees and Costs Payment to which there is no objection
by Counsel for defendants.

v)      Approving as to form and content the Notice Materials and setting
deadlines for submission of completed Claim Forms and Elections Not to
Participate in Settlement and service and filing of objections to the
Settlement.

vi)     Appointing a Settlement Administrator to exercise the duties set forth in
this Settlement.

vii)    Directing the Settlement Administrator to mail the Notice Materials by
first-class mail to the Class Members by the deadline set forth below and
to mail a reminder notice, perform skip-trace services to verify addresses
and all other services as more fully set forth below in Section 6.

b.     Any disagreement among Parties concerning the final forms of the Notice
Materials, the CAFA Notice, or other documents necessary to implement the
Settlement, as well as all other disputes regarding the Settlement and its
implementation, will be referred to the Court for resolution if the Parties' good
faith efforts to resolve the disagreement have failed.

-8-

**5. CERTIFICATION OF THE CLASSES FOR PURPOSES OF SETTLEMENT ONLY**

    a.    For purposes of the Settlement only, the Parties stipulate that the Court may certify Class 1 as an opt-out class under Rule 23(b)(3) of the Federal Rules of Civil Procedure (the "Class 1 Stipulation"). More specifically, the Parties agree as part of the Class 1 Stipulation that, for settlement purposes only, the requirements of Federal Rule 23(b)(3) are satisfied, with the exception of the manageability requirement of Federal Rule 23(b)(3) that the Court need not address for purposes of settlement.

    b.    For purposes of settlement only, the Parties also stipulate that with the Court may certify Class 2 as an FLSA opt-in collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b) (the "Class 2 Stipulation").

    c.    The Class 1 Stipulation and the Class 2 Stipulation are made solely for purposes of the Settlement. The Class 1 Stipulation and the Class 2 Stipulation are in no way an admission that class or collective action certification is proper under the more stringent litigation certification standard that requires a showing of, *inter alia*, manageability, or that certification requirements would be established by further discovery, and neither the existence nor terms of this Settlement, the Class 1 Stipulation, nor the Class 2 Stipulation will be admissible in this or any other action or proceeding as evidence that (i) the proposed Classes or any other class should be certified; (ii) this Action or any other action should be certified as a collective action; or (iii) Defendants are liable to Plaintiffs, the proposed Classes, or any other VisionPro employees.

    d.    If, for any reason, the Court grants final approval of the Settlement with material modification, or if the Court's final approval of the Settlement is reversed or materially modified on appellate review, then all terms of this Settlement (other than paragraphs XVII and XVIII below relating to confidentiality and the return of documents/data), the Class 1 Stipulation, and the Class 2 Stipulation will automatically become null and void; the terms and fact of this Settlement (and of

DB1/67403843.1

any act performed or document executed pursuant to or in furtherance of the Settlement), the fact that the Parties had made the Class 1 Stipulation and the Class 2 Stipulation, or that the Court granted certification of Class 1 and/or Class 2, or otherwise accepted either stipulation, will be inadmissible evidence in any subsequent proceeding in the Action or elsewhere.  An award of Class Representative and Opt-in Plaintiffs Payments or a Class Counsel's Attorneys' Fees and Costs Payment in an amount less than that sought by Plaintiff or Class Counsel will not constitute a failure to grant final approval of the Settlement or a material modification of the Settlement.

6.    **APPOINTMENT AND DUTIES OF SETTLEMENT ADMINISTRATOR**

a.    Subject to the approval of the Court, the Parties have agreed to the appointment of a Settlement Administrator to perform the following duties in connection with administration of the Settlement: (i) using the data provided by VisionPro to prepare the Claim Forms with the number of Compensable Work Weeks worked by each Class Member; (ii) obtaining forwarding addresses for Class Members using appropriate methods, as described in Section 8(a)(3) of this Settlement; (iii) mailing the Notice Materials to Class Members; (iv) tracking non-delivered Class Materials and taking reasonable steps to re-send them to Class Members' current addresses; (v) tracking and timely reporting to Class Counsel and Counsel for Defendants returned Claim Forms and Elections Not to Participate in Settlement; (vi) calculating the amounts due to each Claimant pursuant to the Settlement; (vii) resolving disputes (if any) by Class Members regarding the number of Compensable Work Weeks or other matters, and notifying Class Counsel and Counsel for Defendants of such disputes and their resolution; (viii) establishing the QSF; (ix) disbursing all amounts payable from the QSF and handling all tax reporting; (x) disbursing Class Counsel's Attorneys' Fees and Costs Payment; and (xi) notifying Class Counsel and Counsel for Defendants of any Claimants who have not cashed their Settlement Share checks by the deadline set forth below; (xii) sending reminder notices to Claimants to cash their settlement checks and as

otherwise set forth herein; and (xii) monitoring the responses to the class notice and maintaining a toll-free number for putative class members.

b.      VisionPro will provide the Settlement Administrator with data necessary to perform the Settlement Administrator's duties.  All disputes relating to the Settlement Administrator's performance of its duties, after good faith efforts by the Parties to first resolve such disputes, will be referred to the Court, if necessary, which will have continuing jurisdiction over this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

## 7.      CAFA NOTICE

Pursuant to CAFA, within ten (10) days after the Class Representatives file their motion for preliminary approval of the Settlement, Defendants will mail the CAFA Notice to the Attorney General of the United States, the Attorney General of the State of New York, and the Attorney General of each other state where Class Members reside according to VisionPro's records.  The Parties intend and believe that the CAFA Notice pursuant to the procedures described in this section comply with the requirements of CAFA; will seek approval of these procedures for CAFA Notice in Plaintiff's motion for preliminary approval of the Settlement; and will request the Court to adjudicate the validity of the CAFA Notice in the motion for final approval of the Settlement and bar any Class Member's claim to void or avoid the Settlement under CAFA.

## 8.      NOTICE TO THE CLASS OF THE SETTLEMENT AND THE CLAIM PROCESS

a.      Mailing the Notice Materials to the Class

i)      Within ten (10) days after the Court enters its Preliminary Approval Order, VisionPro will provide to the Settlement Administrator a list of each Class Member's VisionPro employee identification number, name, last known address, phone number, dates of employment in a position covered by the

Settlement as best can be determined from VisionPro's records, and the number of his or her Compensable Work Weeks. Defendants also will provide Class Counsel with a list of each Class Member's VisionPro employee identification number, dates of employment in a position covered by the Settlement as best can be determined from VisionPro's records, and the number of his or her Compensable Work Weeks. The data provided to the Settlement Administrator and Class Counsel will remain confidential and will not be used or disclosed to anyone, except as required to applicable tax authorities, pursuant to VisionPro's express written consent, or by order of the Court.

ii)     Within fourteen (14) days after Defendants provide to the Settlement Administrator the data pursuant to Section 8(a)(1), the Settlement Administrator will mail, by first-class mail, the Notice Materials, including a business return envelope, to all Class Members at their last known address, unless modified by any updated address information that the Settlement Administrator obtains in the course of administration of the Settlement.

iii)    The Settlement Administrator will use standard devices, including the National Change of Address database or equivalent, to obtain forwarding addresses prior to mailing and will use appropriate skip tracing to take appropriate steps to maximize the probability that the Notice Materials will be received by all Class Members.

iv)     The Claim Form mailed to the Class Members will show for the recipient Class Member the number of Compensable Work Weeks.

v)      Class Members will have the opportunity to challenge the information pre-printed on their individualized Claim Forms by submitting a written challenge along with their signed Claim Form and supporting documentation to the Settlement Administrator within the time period provided for submitting the Claim Form. Any challenges to the

DB1/67403843.1

information pre-printed on the Claim Form should be supported by documentary or other evidence; the Settlement Administrator may reject any challenge not supported by such evidence.

vi)     Timely challenges submitted with documentary or other evidence will be resolved without hearing by the Settlement Administrator after consultation with Class Counsel and Counsel for Defendants. VisionPro's determinations from its records as to Compensable Work Weeks will be presumed correct, but the Settlement Administrator will evaluate the evidence submitted by the Class Member and will make a final determination based on its evaluation of all the evidence presented.

vii)    Each Class Member will have sixty (60) days after the date on which the Settlement Administrator mails the Notice Materials to complete and submit to the Settlement Administrator a completed and executed Claim Form. A completed Claim Form will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated above; or (ii) it is delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery.

viii)   In the event that a Claim Form is submitted timely but is deficient in one or more respects, the Settlement Administrator will return the Claim Form to the Class Member within five (5) business days of receipt with a notice explaining the deficiencies and stating that the Class Member will have ten (10) business days from the date of the deficiency notice to correct the deficiency and resubmit the Claim Form. The envelope containing any resubmitted Claim Form must be postmarked within ten business (10) days of the date of the deficiency notice to be considered timely, absent a showing of good cause. If necessary, the Class Member will be sent a

-13-

second deficiency notice to correct any deficiency concerning a resubmitted Claim Form, which will be governed by the same timeliness requirements as the first deficiency notice.

b.    Objection to Settlement

i)    Each Class Member who does not timely submit an Election Not to Participate in Settlement will have forty-five (45) days after the date on which the Settlement Administrator mails the Notice Materials to object to the Settlement by serving on the Settlement Administrator, Class Counsel, and Counsel for Defendants, and filing with the Court, by the forty-five (45) day deadline, a written objection to the Settlement.

ii)   A Class Member who does not file and serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objection and will be foreclosed from making any objections to the Settlement (whether by appeal or otherwise).

c.    Election Not to Participate in Settlement

i)    Each Class Member will have forty-five (45) days after the date on which the Settlement Administrator, as set forth in Section 8(d)(1), mails the Notice Materials to complete, execute and submit to the Settlement Administrator the Election Not to Participate in Settlement if they wish to be excluded from the Settlement.  A completed and executed Election Not to Participate in Settlement will be deemed timely submitted to the Settlement Administrator if it is (i) mailed to the Settlement Administrator by first-class mail and postmarked by not later than the deadline for submission stated in above; or (ii) it is delivered to and received by the Settlement Administrator by the deadline for submission stated above, whether by mail, facsimile transmission, professional delivery, or personal delivery.

ii)    A Class Member who does not properly complete, execute, and timely submit an Election Not to Participate in Settlement in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including the release of all Released State Law Claims, if the Settlement is approved by the Court, and be bound by the Final Approval Order, regardless of whether he or she has objected to the Settlement or timely submitted a completed, executed Claim Form.

iii)   A Class Member who properly completes, executes, and timely submits an Election Not to Participate in Settlement will not be bound by the Settlement, and will not have standing to object to the Settlement, and Defendants will remain free to contest any claim brought by the Class Member that would have been barred by the Settlement, and nothing in this Settlement will constitute or be construed as a waiver of any defense Defendants have or could assert against such a claim.

iv)    If a Class Member properly completes, executes, and timely submits both an Election Not to Participate in Settlement and a Claim Form, the Settlement Administrator shall, within five (5) business days after receipt of the second of the two documents, mail a letter (the terms of which will be agreed upon by Defendants' Counsel and Class Counsel) to such Class Member seeking clarification as to whether the Class Member intends to participate in the Settlement.  Absent a response from such Class Member postmarked within ten (10) business days after the date of the mailing of the follow-up letter, the Class Member shall be deemed to be a Claimant and not to have opted out of the Settlement.

d.    Reminder of Deadline; Untimely Submissions

i)    Twenty-five (25) days after the Settlement Administrator mails the Notice Materials to the Class Members, the Settlement Administrator will mail a reminder card to all Class Members who have not submitted a completed

-15-

Claim Form, an objection to the Settlement, or a completed Election Not
to Participate in Settlement indicating the applicable deadlines for
submission of those papers.

ii)     No Claim Form or Election Not to Participate in Settlement will be
honored if submitted late under the deadlines set forth above, unless the
Class Member shows good cause as determined by the Settlement
Administrator.

e.     Reports and Declaration by Settlement Administrator

i)      By not later than ten (10) days after expiration of the 45-day deadline for
submission of the Elections Not to Participate in Settlement, the
Settlement Administrator will submit to Class Counsel and Counsel for
Defendants a report setting forth the Class Members (identified by
VisionPro employee identification numbers) who as of that date have
submitted (i) valid Elections Not to Participate in Settlement, and (ii)
invalid Elections Not to Participate in Settlement (the "Opt-Out Report").
In the event that the Settlement Administrator accepts any Election Not to
Participate in Settlement after the expiration of the 45-day deadline, it will
promptly update and distribute an updated Opt-Out Report.

ii)     By not later than ten (10) days after expiration of the 60-day deadline for
submission of Claim Forms, the Settlement Administrator will submit to
Class Counsel and Counsel for Defendants a report setting forth the Class
Members (identified by VisionPro employee identification numbers) who
as of that date have submitted (i) valid Claim Forms and (ii) invalid Claim
Forms.

iii)    By not later than ten (10) days after the expiration of the 60-day deadline
for submission of Claim Forms, the Settlement Administrator will prepare
and submit for filing in support of the Plaintiff's motion for final approval
a declaration attesting to its mailing of the Notice Materials and (indicated

by number of Class Members only) its receipt of valid Claim Forms and valid Elections Not to Participate in Settlement and its inability to deliver the Notice Materials to Class Members due to invalid addresses. Prior to the hearing on the motion for final approval of the Settlement, the Settlement Administrator will prepare and submit for filing in support of the motion a supplemental declaration as applicable.

**9.     RIGHT TO RESCIND**

In the event that by number more than 10% of the Class Members submit valid Elections Not to Participate in Settlement, Defendants will have the right to rescind the Settlement and the Settlement and all actions taken in its furtherance will be null and void. Defendants must exercise this right within ten (10) days after the Settlement Administrator sends to Class Counsel and Counsel for Defendants the Opt-Out Report, provided no untimely Election Not to Participate is accepted by the Settlement Administrator pursuant to Section 8(d)(2), or within five (5) days of the date that the last untimely Election Not to Participate that is accepted by the Settlement Administrator pursuant to Section 8(d)(2) is reported to Defendants.

**10.     FINAL APPROVAL OF THE SETTLEMENT**

The Class Representatives will file a motion with the Court for final approval of the Settlement by the deadline set by the Court, which unless ordered by the Court will be at least fourteen (14) calendar days prior to the final approval hearing scheduled by the Court. The Class Representatives will submit for entry by the Court, with their motion for final approval, the proposed Final Approval Order in the form attached hereto as Exhibit F. Any modifications to the proposed Final Approval Order may be made only by mutual agreement of the Parties.

**11.     WAIVER OF RIGHT TO APPEAL**

Provided that the Final Approval Order is consistent with the terms and conditions of this Settlement in all material respects, the Class Representatives, Class Members who did not timely

submit an objection to the Settlement, Class Counsel, and Defendants hereby waive any and all rights to appeal from the Final Approval Order, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set-aside judgment, a motion for new trial, and any extraordinary writ, and the Final Approval Order therefore will become final and nonappealable at the time it is entered.  The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

## 12.    REVERSAL OR MATERIAL MODIFICATION OF JUDGMENT ON APPEAL

If, after a notice of appeal or a petition for writ of *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Final Approval Order such that there is a material modification to the Settlement, and that court's decision is not completely reversed and the Final Approval Order is not fully affirmed on review by a higher court, then the Class Representatives through Class Counsel and Defendants will each have the right to void the Settlement, which the Party must do by giving written notice to the other Parties, the reviewing court, and the Court not later than fourteen (14) days after the reviewing court's decision vacating, reversing, or materially modifying the Final Approval Order becomes Final.  Notwithstanding a reviewing court's vacation, reversal, or modification of the Final Approval Order, Defendants' obligation to make payments under this Settlement remains limited by the Settlement Payment.

## 13.    CREATION OF THE QUALIFIED SETTLEMENT FUND

a.    No later than fourteen (14) days after the Court enters the Preliminary Approval Order, VisionPro will cause to be wired to the QSF the Settlement Payment, provided that the Settlement Payment will be returned to VisionPro in its entirety if the Court does not enter a Final Approval Order.  The Settlement Payment is the maximum amount that Defendants are obligated to pay under this Settlement and is inclusive of the Class Representative and Opt-In Plaintiff Payments, the

DB1/67403843.1

Class Counsel Attorneys' Fees Payment made to Class Counsel, the Class Members' Settlement Shares, VisionPro's share of payroll taxes applicable to the Settlement Shares, and the Settlement Administrator's reasonable fees and expenses in administering the Settlement. In no event will Defendants be obligated to pay any additional amount to the QSF or otherwise under this Settlement.

b.    While held in the QSF, the funds in the QSF will accrue interest at the then-current T-bill rate.

c.    A minimum of $100,000 of the Net QSF allocated to the Class shall be paid; the remainder, if any, of the Net QSF shall revert to Defendants provided that the Final Approval Order becomes Final.

d.    If the Settlement is not granted final approval by the Court, or if the Final Approval Order does not become Final, then all proceeds of the QSF (other than those used to pay the Settlement Administrator's reasonable fees and expenses in administering the Settlement to that point), including all accrued interest, will be immediately returned to Defendants.

## 14.    DISTRIBUTION OF THE QUALIFIED SETTLEMENT FUND

a.    After the Final Approval Order becomes Final, the Settlement Administrator will distribute the proceeds of the QSF as follows:

i)    Within ten (10) days after the Final Approval Order becomes Final, the Settlement Administrator will make the following payments from the QSF:

1.    To every Claimant, his or her Settlement Share, as calculated based on the formula in paragraph XIV.A.2 below.

2.    To each Plaintiff, if he has not submitted an Election Not to Participate in Settlement, which would be grounds for the Defendants to nullify the Settlement, Class Representative and

-19-

Opt-In Plaintiff Payments as awarded by the Court, for which the Settlement Administrator will issue a Form 1099.  Each Plaintiff receiving a Class Representative and Opt-In Plaintiff Payment is responsible for all federal, state, and local tax liabilities that may result from such Payments and the Released Parties (defined below) shall bear no responsibility for such liabilities.

3.　　To Class Counsel, the Class Counsel Attorneys' Fees in the amount of $116,666.67 plus costs and expenses, for which the Settlement Administrator will issue a Form 1099 to Class Counsel. Class Counsel is responsible for all federal, state, and local tax liabilities that may result from such Payments and the Released Parties (defined below) shall bear no responsibility for such liabilities.

ii)　　Each Claimant's Settlement Share will be calculated as follows:

1.　　The "Net QSF" will equal the proceeds of the QSF at the time of distribution less (i) the Class Representatives and Opt-in Plaintiff Payments, (ii) the Class Counsel Attorneys' Fees Payment, (iii) VisionPro's share of payroll taxes applicable to the settlement shares; (iv) 25% of the mediation fees in the action (which VisionPro advanced to Plaintiffs prior to the mediation and which shall be repaid by the Settlement Administrator to VisionPro along with the other funds returned to VisionPro from the QSF); (v) the Settlement Administrator's reasonable fees and expenses, including the costs of mailing all notices, reminders and checks pursuant to this Settlement; and a minimum payment of $100 to each Claimant.

2.　　A Claimant's Settlement Share will be the product of the Net QSF times the percentage (rounded up or down to the nearest five-digit decimal) of (i) that Claimant's number of Compensable Work

Weeks applicable to that Claimant divided by (ii) the total of the Compensable Work Weeks attributable to all Class Members pursuant to this Settlement, subject to possible increase pursuant to the provisions below for a minimum $100,000 payment. For instance, if a Claimant is credited with 100 Compensable Work Weeks and there are 100,000 Compensable Work Weeks attributable to all Class Members (not just those who are Claimants), then that Claimant's Settlement Share will be 0.1 % of the Net QSF.

3.      Because the Settlement Shares include sums in settlement of claims for wages, interest, liquidated damages, and penalties, fifty percent (50%) of each Settlement Share is intended to constitute a settlement of a claim for unpaid wages, for which the Settlement Administrator will issue a Form W-2 to the Claimant, payroll tax withholding and deductions will be taken, and the employer's share of payroll taxes on that portion will be paid by VisionPro out of the QSF; and the remaining fifty percent (50%) of each Settlement Share is intended to constitute a settlement of claims for interest, liquidated damages, and penalties, for which no payroll tax withholding and deductions will be taken and the Settlement Administrator will issue a Form 1099 to the Claimant. The Claimants are responsible for all federal, state, and local tax liabilities that may result from such Settlement Share payments subject to reporting on a Form 1099, and the Released Parties (defined below) shall bear no responsibility for such liabilities.

4.      Defendants make no representations with respect to the taxability of any payments pursuant to this Settlement, the Notice to the Class will advise Class Members to seek their own tax advice as necessary, and the Parties agree that each Class Member will have

sufficient opportunity to seek such advice after receiving the Notice.

b.   By not later than ninety (90) days after the Settlement Administrator mails the checks to the Claimants for their Settlement Shares, the Settlement Administrator will (i) notify Class Counsel of any Claimants who have not cashed their Settlement Share checks and (ii) contact by letter each Claimant who has not cashed his or her Settlement Share checks and remind him or her to do so before the six-month deadline discussed below.  The Settlement Administrator will inform these Claimants that if they fail to cash their Settlement Share checks by the six-month deadline, they will not receive any money under the Settlement, and their Settlement Share proceeds represented by the check will be returned to Defendants.

If any Claimant does not cash the check(s) for his or her Settlement Share within six (6) months after issuance, the Settlement Administrator shall issue a reminder notice as set forth herein.  If any Claimant does not cash the check(s) for his or her Settlement Share within nine (9) months after issuance, the proceeds represented by the check will revert to Defendants, provided that the minimum amount of $100,000 has been paid to Claimants as set forth in Paragraph 13(c) and, if not, the proceeds will be donated to a mutually agreeable charity until such $100,000 minimum payment has been reached and then the remainder shall revert to Defendants.

c.   The Claims Administrator will return to VisionPro the amount of the QSF (with interest) that was allocated to Class Members who did not become Claimants or who did not cash the checks for his Settlement Share as set forth above.  In no event, however, shall Defendants be entitled to the return of proceeds from the Net QSF such that less than a total of $100,000 is paid to Claimants from the Net QSF.  In the event that less than $100,000 of the Net QSF is timely and validly claimed, the difference between the amount claimed and $100,000 shall be re-allocated to the Claimants on a pro rata basis (relying on Compensable Work Weeks) before payments from the QSF are made to Claimants.

d.      It is the intention of the Parties and by this Settlement that unless the Claimants cash their Settlement Share checks within the six-month period provided for doing so, they do not hold any property right to or interest in the funds represented by the checks, and therefore the funds represented by those checks will not escheat to any applicable jurisdiction.

## 15.     NO EFFECT ON OTHER BENEFITS

The Settlement Shares will not create any credit or otherwise affect the calculation of benefits provided under any benefit or compensation plan or program provided by VisionPro (such as 401(k), pension, bonus, severance, or deferred compensation plans), and no payment made pursuant to this Settlement will be compensation for purposes of such plans/programs, require any contribution or award under such plans/programs, or otherwise modify coverage, contributions, or benefits under such plans/programs, and the Participating Class Members will be deemed to have waived all such benefit or compensation plan or program claims, whether known or unknown by them, as part of their releases of claims under this Settlement.

## 16.     RELEASE OF CLAIMS BY THE CLASS REPRESENTATIVES, OPT-IN PLAINTIFFS, PARTICIPATING CLASS MEMBERS, CLAIMANTS, AND CLASS COUNSEL

a.      **The Class Representatives' and Opt-In Plaintiffs' Release of Claims**: In consideration of the Class Representative and Opt-In Plaintiffs ("Plaintffs") Payments awarded to each Plaintiff and the confidentiality obligations set forth below, as of the date the Settlement Share is paid to Plaintiffs, each Plaintiff, on behalf of himself and his heirs and assigns, hereby releases VisionPro and its past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, including, but not limited to, Joseph Romano and Kevin Silvar (and their successors, assigns,

-23-

agents, and legal representatives)("Defendants"), all in their individual and corporate capacities, and only with respect to the period of time employed by VisionPro, CSC Holdings LLC ("Cablevision"), including Cablevision's past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives (collectively, the "Released Parties"), from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date the Final Approval Order is entered by the Court ("Class Representatives' and Opt-In Plaintiffs' Released Claims") including, but not limited to, those claims that were or could have been asserted in the Action; all other claims arising under the Fair Labor Standards Act ("FLSA"), the New York Labor Law and its' implementing regulations, and all other federal, state, and local statutes, regulations, and common law theories, all other claims for lost wages and benefits, wage deductions, interest, and penalties; all claims for wages, emotional distress, punitive damages, and attorneys' fees and expenses arising under federal, state, or local laws for discrimination, harassment, retaliation, and/or wrongful termination, such as, by way of example only, claims pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. section 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. section 12101 *et seq.*, and all claims arising under the law of contract and tort relating to Plaintiffs' employment by Defendants. Nothing herein shall be deemed to constitute a bar to, or release of, any rights, claims, actions or remedies, known or unknown, that Plaintiffs had, have or might have regarding CSC Holdings, LLC for any period of employment other than by Defendants.

b.   **Participating Class Members' Release of Claims**: In consideration of his or her eligibility for a Settlement Share, as of the date the Final Approval Order is

entered by the Court, each and every Participating Class Member hereby releases the Released Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date the Final Approval Order is entered by the Court and arising from or related to claims that have been pled or could have been pled based upon the factual allegations in the Action, including, but not limited to, claims under all state or local statutes or regulations or common law theories for (i) the alleged failure to pay any type of overtime wages, (ii) the alleged failure to pay minimum or other wages, (iii) any alleged deductions from wages, (iv) any alleged failure to timely pay wages due, and (v) all other wage/hour and wage payment claims, including, without limitation, statutory, constitutional, regulatory, contractual or common law claims for wages, damages, and unpaid costs; and any and all of the following based on the foregoing claims and/or causes of action: all penalties that were sought or could have been sought in the Complaint, liquidated damages, related tort and punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief ("State Law Released Claims"). Nothing herein shall be deemed to constitute a bar to, or release of, any rights, claims, actions or remedies, known or unknown, that the Class Members had, have or might have regarding CSC Holdings, LLC for any period of employment other than by Defendants.

c.  **Claimants' Released Claims**. In consideration of the payment to him or her of a Settlement Share, as of the date the Final Approval Order is entered by the Court, each and every Claimant hereby releases the Released Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, arising from the beginning of Claimant's employment with any of the Released Parties through the date the Final Approval order is entered by the Court that were asserted, relate to those asserted, or which could have been asserted in the Action pursuant to the FLSA, including claims for wages, overtime, straight time, minimum wages,

premium pay, liquidated damages, interest, attorneys' fees, litigation costs, and equitable relief (collectively, the "Federal Law Released Claims").

d.   **Class Counsel's Released Claims**.  In consideration of the Class Counsel Attorneys' Fees and Costs Payment, as of the date the Final Approval Order is entered by the Court, Class Counsel hereby releases any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses against the Released Parties arising from or related to the Action, including but not limited claims based on the FLSA, the NYLL, or any other statute or law (the "Class Counsel's Released Claims").

17.   **CONFIDENTIALITY**

Other than necessary disclosures made to the Court, the Action, the fact and terms of the Settlement and the exhibits hereto, the Parties' settlement negotiations, and all related information shall be held strictly confidential by the Plaintiffs and their counsel (including Class Counsel) and shall not be directly or indirectly disclosed to any third parties (including the media, by press release or otherwise) or included on any websites, provided that if they receive inquiries from the media, the Parties may state only that the Action has been resolved on the terms set forth in the Settlement that was publicly filed.  Notwithstanding the foregoing, Class Counsel may communicate with Class Members for purposes of implementing this Settlement, may respond to inquiries from Class Members, and may disclose on Class Counsel's website located at www.lipmanplesur.com or any other Lipman & Plesur, LLP advertising or marketing materials or websites, that a class action settlement was reached for $350,000 with a cable contractor in New York (or words to that effect, provided that neither VisionPro nor its owners are identified).  Nothing herein shall limit the Parties in communicating with governmental authorities about the Settlement if they are legally required to do so, in which case Class Counsel shall give VisionPro seven (7) business days' notice before any such communication occurs

-26-

unless Class Counsel are given less than seven (7) business days' notice of the required communication, in which event Class Counsel will give notice to VisionPro as soon as is reasonably possible. If the Plaintiffs or their counsel (including Class Counsel) violate the terms of this paragraph prior to Final Approval, Defendants may rescind the Settlement, rendering it null and void, and will no longer be bound by any of its terms.

## 18.     USE AND RETURN OF DOCUMENTS

All originals, copies, and summaries of documents, presentations, and data provided to Class Counsel by Defendants in connection with the mediation or other settlement negotiations in this matter, including e-mail attachments containing such materials, may be used only with respect to this Settlement, or any dispute between Class Members and Class Counsel regarding the Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule. Within ten (10) days after the Final Approval Order becomes Final, Class Counsel will return or destroy and make all reasonable efforts to delete and certify in writing to Defendants the destruction of all such materials and the return and deletion of all such materials that have been shared with experts and any other counsel representing the Plaintiffs and putative Class Members. Defendants agree to maintain a copy of said documents, presentations and data for a period of at least six years.

## 19.     FULL COOPERATION

The Parties will fully cooperate with each other and use reasonable efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary or ordered by the Court, or otherwise, to accomplish the terms of this Settlement, including but not limited to, executing such documents and taking such other action as may reasonably be necessary to obtain preliminary and final approval of this Settlement without material modifications and to implement its terms.

DB1/67403843.1

## 20.   NO PRIOR ASSIGNMENTS

The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Settlement.

## 21.   NOTICES

Unless otherwise specifically provided by this Settlement, all notices, demands or other communications given under this Settlement will be in writing and be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return-receipt requested, or as of the first business day after it is deposited with an overnight delivery service, addressed as follows:

<u>**To Plaintiff and the Class:**</u>

LIZ SCHALET
Lipman & Plesur LLP
500 North Broadway, Suite 105
Jericho, NY 11753

<u>**To Defendants:**</u>

MICHAEL J. PUMA
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2921

## 22.   CONSTRUCTION

This Settlement is the result of lengthy, arms-length negotiations between the Parties. This Settlement will not be construed in favor of or against any Party by reason of the extent to which any Party or his, her or its counsel participated in the drafting of this Settlement.

## 23.   CAPTIONS AND INTERPRETATIONS

Paragraph titles, headings, or captions contained in this Settlement are inserted as a

matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions.  Each term of this Settlement is contractual and not merely a recital, except for those denominated as recitals in Section 3.

## 24.    MODIFICATION

This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms as approved by the Court or by a writing signed by the Parties.

## 25.    APPLICABLE LAW

All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of New York, without giving effect to any conflict of law or choice of law principles.

## 26.    INTEGRATION CLAUSE

This Settlement and its exhibits constitute the entire agreement between the Parties and their respective counsel relating to the Settlement and transactions contemplated by the Settlement.  All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's counsel, including the term sheet signed at the mediation, are merged into this Settlement.  No rights under this Settlement may be waived except in writing.

## 27.    BINDING ON ASSIGNS

This Settlement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## 28.    COUNTERPARTS

This Settlement may be executed in counterparts, and when each Party has signed and

DB1/67403843.1

delivered at least one such counterpart, each counterpart will be deemed an original, and, when taken together with other signed counterparts, will constitute one Settlement, which will be binding upon and effective as to all Parties, subject to court approval.

**29.  PARTICIPATING CLASS MEMBERS BOUND BY SETTLEMENT**

Because the Class Members are so numerous, it is impossible or impractical to have each Participating Class Member execute this Settlement.  The Class Notice will inform all Class Members of the binding nature of the release of the State Law Released Claims and it will have the same force and effect as if this Settlement were executed by each Participating Class Member.

**30.  PARTIES' AUTHORITY TO SIGN**

The signatories to this Settlement hereby represent that they are fully authorized to enter into this Settlement on behalf of themselves or their respective principals.

**EXECUTION BY PARTIES AND COUNSEL**

The Parties and their counsel hereby execute this document to evidence their acceptance of an agreement to the Settlement.

DATED: June 3, 2011

_____
Damion Stewart, Plaintiff

DATED: June 3, 2011

_____
Shurwin Thompson, Plaintiff

-30-

DATED: June 2, 2011                    LIPMAN & PLESUR LLP

                                       By _Lizabeth Schalet_
                                          Lizabeth Schalet
                                          Counsel for Plaintiffs and the Class


DATED: June 6, 2011                    MORGAN, LEWIS & BOCKIUS LLP

                                       By _Michael Puma_
                                          Michael J. Puma
                                          Counsel for Defendants

**Exhibit A**

EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X

DAMION STEWART AND SHURWIN            :
THOMPSON, Individually, on Behalf of All
Others Similarly Situated and as Class      :
Representatives,
                                                            :          INDEX NO.  10-3688
                    Plaintiffs,
                                                            :          **[PROPOSED] ORDER GRANTING**
         -against-                                                   **PRELIMINARY APPROVAL OF**
                                                            :          **SETTLEMENT**
                    Defendants,
                                                            :

VISIONPRO COMMUNICATIONS, CORP.        :
and KEVIN SILVAR,
------------------------------------- X

      On _____, 2011, the Court heard a motion by named and opt-in Plaintiffs

Damion Stewart, Shurwin Thompson (together with Damion Stewart, the "Class

Representatives"), Edosa Isibor, Niall Williams, Donovan Samuels and Basil Archer

("Plaintiffs") individually and by the Class Representatives on behalf of the putative class.  The

Court has considered the Joint Stipulation of Class Settlement and Release ("Stipulation") and

the proposed Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing

("Class Notice") and attached exhibits and hereby finds and orders as follows:

      1.     The Court finds on a preliminary basis that the settlement memorialized in the

Stipulation, filed with the Court, falls within the range of reasonableness and, therefore, meets

the requirements for preliminary approval.

      2.     The Court conditionally certifies, for settlement purposes only, the Settlement

Classes as follows:  (1) Class 1[1] consists of  all individuals who are currently employed, or

---

[1]    All capitalized terms in this Order shall have the same definitions as those set forth in the
Stipulation.

EXHIBIT A

formerly have been employed, by VisionPro in the position of Technician or a comparable

position in the State of New York at any time during the period from August 6, 2004 through the

date of the Preliminary Approval order; and (2) Class 2 consists of all individuals who are

currently employed, or formerly have been employed, by VisionPro in the position of Technician

or a comparable position at any time during the period from August 6, 2007 through the date of

the Preliminary Approval order.  The Court finds, for settlement purposes only, the requirements

of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are

satisfied, with the exception of the manageability requirement of Rule 23(b)(3) that the Court

need not address for purposes of settlement.  The Court further finds, for settlement purposes

only, that conditional certification of the Action as a collective action under section 216(b) of the

Fair Labor Standards Act ("FLSA") is appropriate.

      3.     This Order, which conditionally certifies a class action for settlement purposes

only, shall not be cited in this or any matter for the purpose of seeking class or collective

certification or for any other purpose, other than enforcing the terms of the Stipulation.

      4.     The Court appoints, for settlement purposes only, Damion Stewart and Shurwin

Thompson, the Class Representatives.

      5.     The Court appoints, for settlement purposes only, Lipman & Plesur, LLP as Class

Counsel for the purposes of Settlement and the releases and other obligations therein.  Simpluris

is appointed as Settlement Administrator.  The Court preliminarily approves Class Counsel's

request for attorneys' fees and costs as set forth in the Settlement Agreement.

      6.     The Class Notice, attached to the Motion for Preliminary Approval as Exhibit B,

and the Claim Form, Change of Name and/or Address Information, Election Not to Participate in

Settlement, and Settlement Administrator form of letter regarding inconsistent documentation,

EXHIBIT A

attached to the Class Notice as Forms A through D, respectively, are approved.  The Settlement

Administrator is ordered to mail those documents to the Class members as provided in the

Stipulation.

7.      Each Class Member who does not timely submit an Election Not to Participate in

Settlement will have forty-five (45) days after the date on which the Settlement Administrator

mails the Class Notice to object to the Settlement by serving of the Settlement Administrator,

Class Counsel, and Counsel for Defendants, and filing with the Court, by the forty-five (45) day

deadline, a written objection to the Settlement.

8.      The Court will conduct a Final Approval Hearing on _____, 2011 at _____

a.m./p.m. to determine the overall fairness of the settlement, attorneys' fees and costs to Class

Counsel and enhancements to the Plaintiffs.  The Final Approval Hearing may be continued

without further notice to Class Members.  Class Counsel shall file their motion for approval of

the settlement, including approval of attorneys' fees, costs, and the enhancements for the

Plaintiffs sought in the Settlement, on or before _____, 2011.


IT IS SO ORDERED.

Dated: June __, 2011

                                                          _____
                                                          The Honorable Sandra L. Townes
                                                          United States District Court Judge


EXHIBIT A

**Exhibit B**

EXHIBIT B

## NOTICE OF (1) PROPOSED CLASS SETTLEMENT AND
## (2) FINAL SETTLEMENT APPROVAL HEARING

<u>Damion Stewart et al. v. VisionPro Communications LLC, et al.</u>
<u>Case No. 10-CV-3688</u>

Please read this notice carefully, you may receive money from a class action settlement due to your employment by VisionPro Communications, LLC. ("VisionPro").

**1.      SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS**

Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

     a.      To Whom This Notice Is Directed

This Notice, which has been approved by the Court, is to notify Class Members (defined below) in the class action "*Damion Stewart et al. v. VisionPro Communications LLC, et al.*" currently pending in the United States District Court for the Eastern District of New York, of the proposed Settlement of that case. The Court has granted preliminary approval to the Settlement, and has conditionally certified the Class for Settlement purposes only. The Court has certified, for settlement purposes, the following classes (the "Classes"):

       i)      Class 1: All individuals who are currently employed, or formerly have been employed, by VisionPro in the position of Technician or a comparable position in the State of New York at any time during the period from August 6, 2004 through the date of the Preliminary Approval Order.

      ii)      Class 2: All individuals who are currently employed, or formerly have been employed, by VisionPro in the position of Technician or a comparable position at any time during the period from August 6, 2007 through the date of the Preliminary Approval Order.

EXHIBIT B

According to VisionPro's records, you are a member of Class 1 and/or Class 2 ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Action and the Settlement.

      b.     What is a Class Action?

A class action is a lawsuit in which the claims and rights of many people ("Class Members") are decided in a single court proceeding. In this case Damion Stewart, Shurwin Thompson, Edosa Isibor, Niall Williams, Donovan Samuels, and Basil Archer ("Class Representatives") filed a lawsuit asserting claims on behalf of all the class members.

      c.     Important Options And Dates

      <u>You have several options:</u>

      i)     To be eligible for a payment under the Settlement, you must fully complete and sign a Claim Form (which is attached to this Notice) and submit it to the Settlement Administrator by first-class mail, postmarked by _____, 2011, or deliver it to the Settlement Administrator by that date, following the procedure described in Section 4. If you do not do this, you will receive no money from this Settlement.

      ii)     You may object to the Settlement in writing, postmarked by _____, 2011, following the procedure described in Section 4(g).

      iii)     You may elect not to participate in the Settlement, in which case you will no longer be a Class Member (and therefore you will receive no money under this Settlement and you will not have standing to object to the Settlement), and you will not release your claims, which means that you will be able to bring a separate lawsuit on your own for these claims. To elect not to participate in the Settlement, you must fully complete and sign an Election Not to Participate in Settlement and submit it to the Settlement Administrator by first-class mail, postmarked by _____, 2011, or

                        EXHIBIT B

deliver it to the Settlement Administrator by that date, following the procedure described in Section 4(f).

## 2.    BACKGROUND OF THE ACTION

### a.    The Claims At Issue

On August 6, 2010, Damion Stewart and Shurwin Thompson ("Plaintiffs") commenced a lawsuit against VisionPro and Kevin Silvar in the United States District Court for the Eastern District of New York (the "Action"), where the Action is now pending.  In the Complaint, the Plaintiffs primarily alleged that VisionPro did not properly pay Technicians overtime and minimum wages and that Technicians' wages were subject to improper deductions.  The Plaintiffs requested damages under the federal Fair Labor Standards Act ("FLSA") and New York state wage-and-hour laws.  The Plaintiffs also sought penalties, attorneys' fees and costs.

The parties in this Action disagree as to the probable outcome of the Action with respect to liability and damages if it were not settled.  While the Class Representatives and their attorneys were prepared to proceed with litigating the case described above, they recognize that litigating is a risky proposition and that they may not have prevailed on any or all of his claims. Likewise, while Defendants were confident that no class properly could be certified, that it had strong legal and factual arguments that would result in the dismissal of the Class Representatives' claims, it recognizes the risks, distractions, and costs involved with litigation.

### b.    Defendants' Denial of Liability

Defendants deny all of the Plaintiffs' allegations.  Specifically, Defendants deny that the Plaintiffs or the Class Members are owed any additional compensation for the hours they worked or that their wages were subjected to improper deductions.

EXHIBIT B

3.      **SUMMARY OF THE SETTLEMENT**

This Settlement is the result of good-faith, arms-length negotiations between the Class

Representatives' attorneys and Defendants' attorneys which included discussions, the informal

exchange of documents and data, negotiations through counsel experienced in these types of

cases, and a lengthy mediation conducted by an experienced mediator.  The Settlement

represents a compromise regarding disputed claims, considering the risks and uncertainties of

continued litigation.  The Class Representatives and their counsel have determined that the

Settlement is fair, reasonable and adequate and is in the best interests of the Class Members.

Please be advised that the Court has not ruled on the merits of the Class Representatives' claims

or Defendants' defenses.

The attorneys for the Putative Class in the Action ("Class Counsel"), who you may call with
questions if you wish, are:

|                      |                                          |
|----------------------|------------------------------------------|
| Liz Schalet          | LIPMAN & PLESUR LLP                      |
|                      | 500 North Broadway, Suite 105            |
|                      | Jericho, New York  11753 (516) 931-0050  |

The attorneys for Defendants are:

|                      |                                          |
|----------------------|------------------------------------------|
| Michael J. Puma      | MORGAN, LEWIS & BOCKIUS LLP              |
|                      | 1701 Market St.                          |
|                      | Philadelphia, PA 19103-2921              |
|                      |                                          |
| Adam S. Wexler       | MORGAN, LEWIS & BOCKIUS LLP              |
|                      | 101 Park Avenue                          |
|                      | New York, New York 10178                 |

a.      The Settlement Agreement And The Court's Final Approval Hearing

The parties have presented the Settlement to the Court for its review.  On [_____]

2011, the Court granted preliminary approval of the proposed Settlement.  The Court will decide

whether to give final approval to the proposed Settlement, including the proposed enhancement

payments for the Plaintiffs, and Class Counsel Attorneys' Fees Payment at a hearing scheduled for [**INSERT DATE**] ("Final Approval Hearing").  See Section 5 below for details.  Only after the Settlement is granted final approval will money be paid to Class Members under the Settlement.

b.      Summary Of Terms Of The Proposed Settlement

Subject to Court approval, the terms of the Settlement are as follows:

i)      VisionPro will pay up to $350,000.00 (the "Maximum Settlement Amount") to pay:  (a) the timely and proper claims of Class Members; (b) VisionPro's share of payroll taxes related to the timely and proper claims of Class Members; (c) Class Counsel's fees of $116,666.67 plus costs; (d) enhanced awards to the Plaintiffs of up to $10,000 each, totaling no more than $40,000 in the aggregate, for their service to the Class in securing the Settlement, their agreement to be bound by a much broader release of claims than the other Class members, and their commitment to certain confidentiality obligations; (e) a portion of the mediation fee; and (f) the costs of administering the Settlement.

ii)     After deduction from the Maximum Settlement Amount for attorneys' fees, litigation costs (including a portion of the mediation fees), enhanced awards to the Plaintiffs,  VisionPro's share of payroll taxes applicable to the Settlement payments, and the costs of administering the Settlement, from the remaining amount (the "Net Settlement Amount"), a Settlement Administrator approved by the Court will make a settlement payment to each Class Member who submits a timely, proper and fully complete Green Claim Form (enclosed with this Notice).  These payments will be based on a formula that accounts for each Settlement Class Member's Compensable Work Weeks employed by VisionPro, during the periods identified in Class 1 and/or Class 2.

iii)    A portion of each payment made pursuant to this Settlement to a Claimant
        will be subject to required wage holdings and deductions; therefore, the
        net payable amount will be less than the gross amount of the Settlement
        share.  Neither Class Counsel nor Defendants makes any representations
        concerning tax consequences of this settlement or participation in it, and
        you are advised to seek your own personal tax advice.

c.    Release Of Claims

i)    Release of State Law Claims:  Each Class Member who does not timely
      and properly request exclusion from the Settlement in accordance with
      Section 4(f) below (the "Participating Class Members") is deemed to have
      fully and finally released and discharged VisionPro and its past, present
      and future parents, subsidiaries (whether or not wholly-owned), joint
      ventures, affiliates (including each such affiliate's past, present and future
      parents, subsidiaries and joint ventures), divisions and subdivisions, and
      each of such entities' current and former officers, directors, employees,
      partners, shareholders, agents, insurers, successors, assigns, and legal
      representatives, including, but not limited to, Joseph Romano and Kevin
      Silvar (and their successors, assigns, agents, and legal representatives), all
      in their individual and corporate capacities, and, only with respect to the
      period of time employed by VisionPro, CSC Holdings LLC
      ("Cablevision"), including Cablevision's past, present and future parents,
      subsidiaries (whether or not wholly-owned), joint ventures, affiliates
      (including each such affiliate's past, present and future parents,
      subsidiaries and joint ventures), divisions and subdivisions, and each of
      such entities' current and former officers, directors, employees, partners,
      shareholders, agents, insurers, successors, assigns, and legal
      representatives (collectively, the "Released Parties"), from any and all
      claims, obligations, causes of action, actions, demands, rights, and
      liabilities of every kind, nature and description, whether known or
      unknown, whether anticipated or unanticipated, arising on or before the

date the Final Approval Order is entered by the Court and arising from or related to claims that have been pled or could have been pled based upon the factual allegations in the Action, including, but not limited to, claims under all state or local statutes or regulations or common law theories for (i) the alleged failure to pay any type of overtime wages, (ii) the alleged failure to pay minimum or other wages, (iii) any alleged deductions from wages, (iv) any alleged failure to timely pay wages due, and (v) all other wage/hour and wage payment claims, including, without limitation, statutory, constitutional, regulatory, contractual or common law claims for wages, damages, and unpaid costs; and any and all of the following based on the foregoing claims and/or causes of action: all penalties that were sought or could have been sought in the Complaint, liquidated damages, related tort and punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief; and Claims for unfair business practices or unfair competition (collectively, the "State Law Released Claims"). The State Law Released Claims are the claims meeting the above definition under any and all applicable statutes, regulations or common law. The State Law Released Claims include all such claims, whether known or unknown by them. Thus, even if a Participating Class Member discovers facts in addition to or different from those that he or she now knows or believes to be true with respect to the subject matter of his or her released claims, those claims will be released and forever barred.

ii)     Release of Federal Claims: In addition, each Class Member who properly submits a complete, signed and timely Claim Form is deemed to have fully and finally released and discharged the Released Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, arising from the beginning of Class Member's employment with VisionPro through the date the Final Approval order is entered by the Court that were asserted, relate to those asserted, or which could have been asserted in the Action pursuant to the FLSA, including claims for

wages, overtime, straight time, minimum wages, premium pay, liquidated damages, interest, attorneys' fees, litigation costs, and equitable relief (collectively, the "Federal Law Released Claims"). The Federal Law Released Claims include all such claims, whether known or unknown by them. Thus, even if a Claimant discovers facts in addition to or different from those that he or she now knows or believes to be true with respect to the subject matter of his or her released claims, those claims will be released and forever barred.

**4.     HOW TO RECEIVE MONEY FROM THE SETTLEMENT**

Participating In The Settlement By Completing and Submitting The Claim Form:  In order to be eligible to receive a payment under the Settlement, you must fully complete, sign, and mail the enclosed Claim Form to the Settlement Administrator at the address listed below.  A pre-paid business envelope has been enclosed.  <u>Your Claim Form must be postmarked no later than [**INSERT DATE**]</u>.

The Settlement Administrator is:

[_____]
c/o_____
_____
_____
Telephone:_____

If you need another Claim Form, contact the Settlement Administrator.  **If you do not submit a Claim Form, you will not receive any money from the Settlement.**

a.     How Will My Settlement Share Be Calculated?

After deduction from the Maximum Settlement Amount for attorneys' fees, litigation costs (including a portion of the mediation fees), enhanced awards to the Plaintiffs, VisionPro's share of payroll taxes applicable to the settlement payments, and the costs of administering the

Settlement, from the remaining amount (the "Net Settlement Amount"), a Settlement Administrator approved by the Court will make a settlement payment to each Class Member who submits a timely, proper and fully complete Green Claim Form (enclosed with this Notice). These payments will be based on a formula that accounts for each Settlement Class Member's Compensable Work Weeks employed by VisionPro, during the periods identified in Class 1 and/or Class 2.

      b.     When Will My Share of the Settlement Be Distributed To Me?

Within ten (10) days after the Court's order granting final approval of the Settlement becomes final and non-appealable, the Settlement Administrator will mail the Settlement Share checks to all Claimants who are eligible and submitted valid and timely Claim Forms.  It is expected that checks will be mailed out sometime in the fall of 2011, but that date is subject to change.

      c.     Settlement Share Checks Not Cashed Within Six Months Will Be Forfeited

If any Claimant who submitted a timely and valid Claim Form does not cash the check for his or her Settlement Share within six (6) months after issuance, he or she will not receive any proceeds under the Settlement and the Settlement Share proceeds will be returned to VisionPro.

      d.     Tax Consequences

Half of each Settlement share is considered a settlement of claims for wages subject to Form W-2 reporting and, therefore, will be reduced by normal payroll tax withholding and deductions.  The remaining half of each Settlement share is considered a settlement of claims for interest and penalties subject to Form 1099 reporting.  Claimants will be responsible for all taxes owed based on this half of the Settlement share.

EXHIBIT B

e.      Non-Retaliation

Defendants are obligated not to and will not retaliate against any Class Member who elects to participate in the Settlement.

f.      To Request Exclusion From the Settlement

If you do not want to participate in the Settlement, you must complete, sign and mail the enclosed Election Not to Participate in Settlement (enclosed with this Notice as Form C) to the Settlement Administrator.  In order to be valid, your completed Election Not to Participate in Settlement must be postmarked no later than [**INSERT DATE**].

If you properly submit a timely Election Not to Participate in Settlement, you will not be eligible to receive any of the benefits under the Settlement and you will not have standing to object to the Settlement.  You will, however, retain whatever legal rights you may have against Defendants with regard to the Released State Law Claims and Released Federal Law Claims.

g.      How to Object to the Settlement

If you have not timely submitted an Election Not to Participate in Settlement, you may object to the Settlement by submitting a written notice of objection.  However, if the Court grants final approval to the Settlement, you will still be bound by the Settlement.  You may object to the Settlement, either personally or through an attorney at your own expense, by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for Defendants, and the Settlement Administrator at their respective addresses listed above.

All objections must be signed and set forth your address, telephone number, and the name of the Action: *Damion Stewart et al. v. VisionPro Communications, LLC et al.,* Case No. 10-CV-3688.  To be valid, any objections to the Settlement must be postmarked to (or received by) Class Counsel, Counsel for Defendants, and the Settlement Administrator, no later than

[**INSERT DATE**], at the addresses listed above. If you submit a timely and valid objection, you may appear either personally or through an attorney, at your own expense, at the Final Approval Hearing, discussed below. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the enhancement award to the Plaintiffs, the claims process, and any and all other aspects of the Settlement. If you comment through an attorney, you will be solely responsible for the fees and costs of your own attorney. If you object to the Settlement, but wish to receive your individual settlement payment if the Settlement is approved, you must comply with the claim form submission requirements described in Section 4. If the Court approves the Settlement despite any comments or objections, and you have not properly submitted a Claim Form, you will not receive any money from the Settlement.

<u>Regardless of whether you file an objection, in order to be eligible to receive any money under the Settlement, you must properly submit a timely Claim Form.</u>

Likewise, regardless of whether you file an objection, you will be deemed to have released all of the Released State Law Claims against Defendants as set forth in Section 3(c)(i) above unless you properly request exclusion from the Settlement in accordance with Section 4(f) above.

h.      If You Do Nothing

If you do nothing in response to this Notice, you will not be eligible to receive any

EXHIBIT B

proceeds under the Settlement, but you will be deemed to have released all of the Released State Law Claims as set forth in Section 3(c)(i), above.

## 5.   FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of allocation, Class Counsel's request for attorneys' fees, the administrative costs, and the enhancement award to the Plaintiffs on [**INSERT DATE AND TIME**] in Courtroom [**INSERT ROOM #**] of the United States District Court for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York 11201. The Final Approval Hearing may be continued without further notice to Class Members. **It is not necessary for you to appear at this hearing**. You may appear at the hearing if you wish, if you have given notice of any objections to the Settlement under the procedures set forth in Section 4(g), above.

## 6.   ADDITIONAL INFORMATION

a.   No Cost To You

The Settlement does not require you to pay money out of pocket. However, you are responsible for all taxes owed on your paid Settlement Shares.

b.   No Tax Advice

Any perceived tax advice in this Notice was not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax obligations or penalties that may be imposed on any person. This Notice imposes no limitation on the disclosure of the tax treatment or tax structure of any transaction. Class Counsel cannot give you tax advice.

c.   This Notice Provides Only A Summary

This Notice only summarizes the Action, the Settlement, and other related matters. For

EXHIBIT B

more information, you may review the Court's files, including the detailed Joint Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court, or call Class Counsel or Defendants' Counsel.  The pleadings and other records in this Action including the Joint Stipulation and Settlement Agreement, may be examined at the at the Office of the Clerk of Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, or online through the Public Access to Court Electronic Resources System, known as "PACER," at http://ecf.nyed.uscourts.gov.  **You may also contact the Settlement Administrator at _____.  Do not telephone the Court for information regarding this Settlement or the claim process.  Defendants emphasize that there will be no retaliation against any class member for remaining in the class and cashing settlement checks.**

       d.      If You Have Questions

Any questions regarding this Notice, the Claim Form, or the Election Not to Participate in Settlement Form should be directed to the Settlement Administrator at the above address and telephone number.  If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Settlement Administrator as instructed in Paragraph E below.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE**

EXHIBIT B

**FORM A**
**CLAIM FORM**

*Damion Stewart et al. v. VisionPro Communications, LLC et al.*
United States District Court for the Eastern District of New York
(Case No: 10-CV-3688)

Instructions:  Please complete this Claim Form if you want to be eligible to receive a payment

from the Settlement that is described in the Notice of (1) Proposed Class Settlement and (2) Final

Settlement Approval Hearing ("Class Notice") that accompanies this Form.  **The deadline for**

**mailing this Form to the Settlement Administrator is [\*\*INSERT DATE\*\*].**


PERSONAL INFORMATION:


Name (first, middle and last):_____
Home Street Address:_____
City, State, Zip Code:_____

PLEASE PROVIDE YOUR Home or Mobile Telephone Number: (    )
PLEASE PROVIDE YOUR E-mail address (optional) – to be used only to communicate
with you regarding the Settlement:_____

Please complete this following section **only** if you wish to change your name and/or mailing

address information.


New name and mailing address:

Name (first, middle and last):_____

Home Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:  (_____) _____

**7.     YOUR WORK HISTORY WITH VISIONPRO**

The amount of your Settlement share is based on a formula that accounts for your

Compensable Work Weeks (i.e., weeks that you worked as a Technician during the time period

covered by the Settlement).  According to records maintained by VisionPro, you worked

approximately the following number of Compensable Work Weeks (as a Technician) during

each Class Period:

_____ Class 1 Compensable Work Weeks between August 6, 2004 and [DATE OF

PRELIMINARY APPROVAL ORDER]

_____ Class 2 Compensable Work Weeks between August 6, 2007 and [DATE OF

PRELIMINARY APPROVAL ORDER]

**8.     IF YOU DISPUTE VISIONPRO'S RECORDS**

Please complete this Section only if you <u>disagree</u> with the number of work weeks that

VisionPro's records indicate that you worked during either of the class periods identified above.

If you believe that this information is <u>incorrect</u>, please:

a.      Write in the space below the estimated number of work weeks you believe you
        worked at VisionPro as a Technician during the class period:

_____ Class 1 Compensable Work Weeks between August 6, 2004 and [DATE OF

PRELIMINARY APPROVAL ORDER]

_____ Class 2 Compensable Work Weeks between August 6, 2007 and [DATE OF

PRELIMINARY APPROVAL ORDER]

b.      Please attach to this Claim Form any documents that support the information you
        have provided regarding the weeks you worked in this job within this period of
        time (for example, pay stubs or payroll records) or an explanation by you
        describing what you believe is inaccurate in VisionPro's records.  <u>Please be</u>

advised that VisionPro's records are presumed to be correct unless the documents
or explanation you provide demonstrates otherwise.

**9.    RELEASE OF CLAIMS**

By signing and returning this Claim Form, you agree that you are bound by the

Settlement, and agree that you have released those claims identified in the Notice you received

with this Claim Form, identified as the "State Law Released Claims" and the "Federal Law

Released Claims."

**10.    MAILING INSTRUCTIONS**

Please mail, email or fax this completed Claim Form to the Settlement Administrator at

the address listed below in the pre-paid business envelope, via email or fax.  Your completed

Claim Form must be postmarked on or before [**INSERT DATE**] or else you will forfeit

your benefits under this Settlement.  Even if you file an objection to the Settlement, you must

submit this Form by the deadline in order to be eligible to receive any benefits under the

Settlement.  The address of the Settlement Administrator is:

> *Damion Stewart et al v. VisionPro Communications, LLC, et al.* Settlement
> Administration
>
> c/o_____
>
> Phone:_____
>
> Fax:_____
>
> Email:_____

> I understand that all future correspondence in this action, including but not
> necessarily limited to important notices or payments to which I am entitled (if
> any), will be sent to the new address listed above and not to the address previously
> used.

FORM A

11.    **PLEASE SIGN BELOW**

I hereby consent in writing to become a party plaintiff in the above-captioned action

pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§

201, *et seq.*

Dated:_____          _____
                                         (Signature)
                                         _____
                                         (Print Name)

If you have any questions about completing this Claim Form, please call the Settlement

Administrator at [**INSERT TELEPHONE NUMBER**].].

FORM A

**FORM B**

**ELECTION NOT TO PARTICIPATE IN SETTLEMENT**

*Damion Stewart et al. v. VisionPro Communications, LLC et al.*
<u>United States District Court for the Eastern District of New York</u>
<u>(Case No: 10-CV-3688)</u>

<u>Instructions</u>:  Please complete this Form only if you do <u>not</u> want to participate in the Settlement that is described in the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice") that accompanies this Form.  If you choose to complete this Form, the deadline for mailing it to the Settlement Administrator is [**INSERT DATE**].

**1.     PERSONAL INFORMATION**

Name (first, middle and last):_____

Home Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:  (_____)_____

Please Provide Your Home or Mobile Telephone Number: (     )

Please Provide Your E-mail address (optional – to be used only to communicate with you regarding the Settlement):

**2.     REQUEST FOR EXCLUSION**

By signing and returning this Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement described therein.  <u>I understand this means that I will not be eligible to receive any money or other benefits under the Settlement</u> and I will not have standing to object to the Settlement.  I also understand that if I am excluded from the class, I may bring a separate legal action seeking damages, but might recover nothing or less than what I would have recovered if I had filed a claim under the Settlement.

3.      **MAILING INSTRUCTIONS**

If you choose to return this Form, you must return it to the Settlement Administrator

postmarked on or before [**INSERT DATE**] at the address listed below:

> *Damion Stewart et al v. VisionPro Communications, LLC et al* Settlement
> Administration c/o [_____]
> Phone:_____
> Fax:_____

4.      **PLEASE SIGN BELOW.**

I certify that the foregoing statements made by me are true and correct.


Dated:_____        _____
                                      (Signature)

                                      _____
                                      (Print Name)

FORM B

**FORM C**
[SETTLEMENT ADMINISTRATOR LETTERHEAD]

[DATE]

[CLASS MEMBER NAME AND ADDRESS]

Re:   *Damion Stewart et al. v. VisionPro Communications, LLC et al.*
<u>United States District Court for the Eastern District of New York</u>
<u>(Case No: 10-CV-3688)</u>

Dear [**NAME**]:

It appears that you have submitted inconsistent documentation with respect to whether

you intend to participate in the above-referenced class action settlement (the "Settlement").

Specifically, you have submitted an Election Not to Participate in Settlement Form and you have

also submitted a Claim Form.

Please complete the information below to indicate whether it is your intention to

participate in the settlement (and be eligible to receive a payment) or to opt-out of the Settlement

(and receive nothing), and return this form by [**INSERT DATE**] to

> *Damion Stewart et al v. VisionPro Communications, LLC et al.* Settlement
> Administration c/o [_____]
> _____
> Phone:_____

If this fully completed and signed Form is not received by [**INSERT DATE**], you will be

deemed to have elected to participate in the settlement.

**1.    PERSONAL INFORMATION**

Name (first, middle and last): _____
Home Street Address:_____
City, State, Zip Code:_____
Home or Mobile Telephone Number:  (____)_____
Please Provide Your E-mail address (optional – to be used only to communicate with you
regarding the Settlement):_____

**PLEASE CHOOSE ONE (AND ONLY ONE) OF THE FOLLOWING OPTIONS:**

_____I elect to participate in the Settlement.  I understand that this means I am releasing all claims set forth in the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing that I previously have received and read.

_____ I elect to opt out of participation in the Settlement.  I understand this means that I will not be eligible to receive any money or other benefits under the Settlement.

**2.       PLEASE SIGN BELOW.**

Dated:_____            _____

                                                                              (Signature)

                                                                              _____

                                                                              (Print Name)

                                                                                          Sincerely,

                                                                                          The Settlement Administrator

FORM C

**Exhibit C**

EXHIBIT C

**CLAIM FORM**

*Damion Stewart et al. v. VisionPro Communications, LLC et al.*

United States District Court for the Eastern District of New York

(Case No: 10-CV-3688)

Instructions:   Please complete this Claim Form if you want to be eligible to receive a payment

from the Settlement that is described in the Notice of (1) Proposed Class Settlement and (2) Final

Settlement Approval Hearing ("Class Notice") that accompanies this Form.  **The deadline for**

**mailing this Form to the Settlement Administrator is [\*\*INSERT DATE\*\*].**

**1.   PERSONAL INFORMATION:**

> Name (first, middle and last):_____
> Home Street Address:_____
> City, State, Zip Code:_____
> PLEASE PROVIDE YOUR Home or Mobile Telephone Number:  (    )
> PLEASE PROVIDE YOUR E-mail address (optional) – to be used only to communicate
> with you regarding the Settlement:_____

**2.   YOUR WORK HISTORY WITH VISIONPRO**

The amount of your Settlement share is based on a formula that accounts for your

Compensable Work Weeks (i.e., weeks that you worked as a Technician during the time period

covered by the Settlement).  According to records maintained by VisionPro, you worked

approximately the following number of Compensable Work Weeks (as a Technician) during the

Class Periods:

_____ Class 1 Compensable Work Weeks between August 6, 2004 and [DATE OF

PRELIMINARY APPROVAL ORDER]

_____ Class 2 Compensable Work Weeks between August 6, 2007 and [DATE OF

PRELIMINARY APPROVAL ORDER]

**3.   IF YOU DISPUTE VISIONPRO'S RECORDS**

Please complete this Section only if you disagree with the number of work weeks that

VisionPro's records indicate that you worked during either of the class periods identified above.

EXHIBIT C

If you believe that this information is <u>incorrect</u>, please:

    a.    Write in the space below the estimated number of work weeks you believe you worked at VisionPro as a Technician during the applicable class period(s):

_____ Class 1 Compensable Work Weeks between August 6, 2004 and [DATE OF PRELIMINARY APPROVAL ORDER]

_____ Class 2 Compensable Work Weeks between August 6, 2007 and [DATE OF PRELIMINARY APPROVAL ORDER]

    b.    Please attach to this Claim Form any documents that support the information you have provided regarding the weeks you worked in this job within this period of time (for example, pay stubs or payroll records) or an explanation by you describing what you believe is inaccurate in VisionPro's. <u>Please be advised that VisionPro's records are presumed to be correct unless the documents or explanation you provide demonstrates otherwise.</u>

**4.    RELEASE OF CLAIMS**

By signing and returning this Claim Form, you agree that you are bound by the Settlement, and agree that you have released those claims identified in the Notice you received with this Claim Form, identified as the "State Law Released Claims" and the "Federal Law Released Claims."

**5.    MAILING INSTRUCTIONS**

Please mail this completed Claim Form to the Settlement Administrator at the address listed below. Your completed Claim Form must be postmarked on or before [**INSERT DATE**] or else you will forfeit your benefits under this Settlement. Even if you file an objection to the Settlement, you must submit this Form by the deadline in order to be eligible to receive any benefits under the Settlement. The address of the Settlement Administrator is:

EXHIBIT C

*Damion Stewart et al. v. VisionPro Communications, LLC et al.* Settlement Administration

c/o_____

Phone:_____

Fax:_____

Email:_____

**6.     PLEASE SIGN BELOW**

I hereby consent in writing to become a party plaintiff in the above-captioned action pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

Dated:_____        _____
                                                          (Signature)

                                                          _____
                                                          (Print Name)

If you have any questions about completing this Claim Form, please call the Settlement Administrator at [**INSERT TELEPHONE NUMBER**].].

EXHIBIT C

**Exhibit D**

EXHIBIT D

**ELECTION NOT TO PARTICIPATE IN SETTLEMENT**
*Damion Stewart et al. v. VisionPro Communications, LLC et al.*
<u>United States District Court for the Eastern District of New York</u>
(Case No: 10-CV-3688)

<u>Instructions</u>:  Please complete this Form only if you do <u>not</u> want to participate in the Settlement

that is described in the Notice of (1) Proposed Class Settlement and (2) Final Settlement

Approval Hearing ("Class Notice") that accompanies this Form.  If you choose to complete this

Form, the deadline for mailing it to the Settlement Administrator is **[**INSERT DATE**]**.

**1.      PERSONAL INFORMATION**

Name (first, middle and last):_____

Home Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:  (\_\_\_\_\_)_____

Please Provide Your Home or Mobile Telephone Number: (     )

Please Provide Your E-mail address (optional – to be used only to communicate with you
regarding the Settlement):

**2.      REQUEST FOR EXCLUSION**

By signing and returning this Form, I certify that I have carefully read the Class Notice

and that I wish to be excluded from the Settlement described therein.  <u>I understand this means

that I will not be eligible to receive any money or other benefits under the Settlement</u> and I will

not have standing to object to the Settlement.  I also understand that if I am excluded from the

class, I may bring a separate legal action seeking damages, but might recover nothing or less than

what I would have recovered if I had filed a claim under the Settlement.

**3.      MAILING INSTRUCTIONS**

If you choose to return this Form, you must return it to the Settlement Administrator

EXHIBIT D

postmarked on or before [**INSERT DATE**] at the address listed below:

> *Damion Stewart et al. v. VisionPro Communications, LLC et al.* Settlement
> Administration
> Phone:_____
> Fax:_____

**4.      PLEASE SIGN BELOW.**

I certify that the foregoing statements made by me are true and correct.


Dated:_____          _____
                                        (Signature)

                                        _____
                                        (Print Name)

**Exhibit E**

EXHIBIT E

## <u>NOTICE OF PROPOSED SETTLEMENT</u>

PLEASE TAKE NOTICE THAT the parties to the above-referenced class action have reached a proposed settlement of the claims at issue in the litigation.  Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendants VisionPro Communications, LLC ("VisionPro") and Kevin Silvar ("Silvar") (collectively "Defendants"), provide this notice to the Attorney General of the United States of America and the Attorney General of each State where VisionPro's records reflect that Class members reside.  Defendants enclose and/or state the following in accordance with its notice obligations under 28 U.S.C. section 1715(b):

1. Plaintiff's complaint in the above-titled action;
2. The parties' Joint Stipulation of Class Settlement and Release;
3. The parties' proposed Notice of (1) Proposed Class Action Settlement and (2) Final Settlement Approval Hearing, which includes information about the scheduled judicial hearing in the above-titled action;
4. The parties' proposed Election Not to Participate in Settlement Form;
5. The parties' proposed Claim Form;
6. A reasonable estimate of Class Members and the estimated proportionate share of the claims of Class Members to the entire settlement.

PLEASE TAKE FURTHER NOTICE that the Court scheduled a judicial hearing for preliminary approval on _____ at _____ a.m./p.m. at the United States District Court for the Eastern District of New York, Courtroom [__], 225 Cadman Plaza East, Brooklyn, New York, 11201.

PLEASE TAKE FURTHER NOTICE that, to the extent you wish to comment on the settlement, the Court has scheduled a judicial hearing for final approval on _____ at _____ a.m./p.m. **[NOTE: must be at least 90 days after date notice is sent]** at the United States District Court for the Eastern District of New York, Courtroom [__], 225 Cadman Plaza East, Brooklyn, New York, 11201.  If you choose to comment, you may do so electronically (the Court provides information about its electronic case filing system at

-2-                                     EXHIBIT E

http://ecf.nyed.uscourts.gov), or in hard copy form to Clerk of Court, United States District

Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York  11201.  If

you choose to comment, please also provide notice to the parties' counsel as follows:

**CLASS COUNSEL**

LIPMAN & PLESUR LLP
Lizabeth Schalet
Schalet@lipmanplesur.com
500 North Broadway, Suite 105
Jericho, New York  11753
Telephone: (516) 931-0050
Fax: (516) 931-0030

**DEFENDANTS' COUNSEL**

MORGAN, LEWIS & BOCKIUS LLP
Michael J. Puma
mpuma@morganlewis.com
1701 Market St.
Philadelphia, PA 19103-2921
Telephone: (215) 963-5000
Fax: (215) 963-5001

Adam S. Wexler
awexler@morganlewis.com
101 Park Avenue
New York, New York  10178
Telephone: (212) 309-6000
Fax: (212) 309-6001

 If you have questions about this notice, the underlying action, or the enclosed materials,

please contact counsel for Plaintiffs and/or counsel for Defendants as provided above.

Dated: _____, 2011          MORGAN, LEWIS & BOCKIUS LLP

            By:  __/s/_____
              Michael J. Puma
              Counsel for Defendants

EXHIBIT E

**Exhibit F**

EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------ X
DAMION STEWART AND SHURWIN          :
THOMPSON, Individually, on Behalf of All
Others Similarly Situated and as Class   :      INDEX NO.  10-3688
Representatives,
                                    :      **[PROPOSED] ORDER (1) CONFIRMING**
            Plaintiffs,             :      **CERTIFICATION OF CLASS AND**
                                           **COLLECTIVE ACTION, (2) GRANTING**
      -against-                     :      **FINAL APPROVAL OF CLASS ACTION**
                                           **SETTLEMENT, AND (3) ENTERING**
            Defendants,             :      **FINAL JUDGMENT**
                                    :
VISIONPRO COMMUNICATIONS, CORP.,
and KEVIN SILVAR,
------------------------------------ X

      This matter came on for hearing upon the Court's Order of _____, 2011 following

Plaintiffs' motion for preliminary approval of the settlement in this action ("Preliminary

Approval Order").  Due and adequate notice having been given to the Settlement Classes (as

defined below), and the Court having considered all papers filed and proceedings had herein and

all oral and written comments received regarding the proposed settlement, and having reviewed

the record in the above captioned matter, and good cause appearing,

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

      a.      The Court has jurisdiction over the subject matter of the above-captioned matter,

            the Class Representatives and Plaintiffs, as defined below, Defendants VisionPro

            Communications LLC ("VisionPro") and Kevin Silvar ("Silvar") (collectively,

            "Defendants") and all members of the settlement classes, which consists of (1) all

            individuals who are currently employed, or formerly have been employed, by

            Defendant in the position of Technician or a comparable position in the State of

            New York at any time during the period from August 6, 2004 through the date of

            the Preliminary Approval Order ("Class 1"); and (2) all individuals who are

            currently employed, or formerly have been employed, by Defendant in the

            position of Technician or a comparable position at any time during the period

                              -2-                            EXHIBIT F

from August 6, 2007 through the date of the Preliminary Approval Order ("Class 2") (collectively the "Settlement Classes" or "Settlement Class Members").

b.    The term Settlement Agreement shall refer to the Joint Stipulation of Class Settlement and Release filed by the Class Representative in this case in connection with their application for preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Settlement Agreement, unless specifically provided herein.

c.    The Court grants final approval of the parties' Settlement Agreement.

d.    The Court finds that the distribution by first-class mail of the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice"), Claim Form, and an Election Not to Participate in Settlement ("Opt-Out"), constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Classes and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Classes was adequate.  These papers informed class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.  [No Settlement Class Members objected to the Settlement and only ___ individuals opted out of the Settlement.]

e.    The Court finds, for purposes of settlement only, that Class 1 satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this settlement, this Court has certified two classes of Settlement Class Members, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the

Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

f.  The Court finds, for settlement purposes only, that Class 2 meets the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act.

g.  The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representatives and Plaintiffs, and Defendants (collectively "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

h.  Except as to any individual claim of those persons (identified in Attachment A hereto, if any) who have validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representatives, Plaintiffs and the Settlement Class Members.

i.  By this Judgment, the Class Representatives, Plaintiffs, and each Settlement Class Member who has not validly and timely requested exclusion from the Settlement by opting out, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged, VisionPro and its past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives, including, but not limited to, Joseph Romano ("Romano") and Kevin Silvar ("Silvar") (and their successors, assigns, agents and legal representatives), all in their individual and corporate capacities, and CSC Holdings LLC ("Cablevision"), including Cablevision's past, present and future parents, subsidiaries (whether or not

EXHIBIT F

wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers, successors, assigns, and legal representatives (collectively the "Released Parties") from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date the Final Approval Order is entered by the Court and arising from or related to claims that have been pled or could have been pled based upon the factual allegations in the Action, including, but not limited to, claims under all state or local statutes or regulations or common law theories for (i) the alleged failure to pay any type of overtime wages, (ii) the alleged failure to pay minimum or other wages, (iii) any alleged deductions from wages, (iv) any alleged failure to timely pay wages due, and (v) all other wage/hour and wage payment claims, including, without limitation, statutory, constitutional, regulatory, contractual or common law claims for wages, damages, and unpaid costs; and any and all of the following based on the foregoing claims and/or causes of action:  all penalties that were sought or could have been sought in the Complaint, liquidated damages, related tort and punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.

j.      By this Judgment, each and every Claimant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the Released Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities, whether known or unknown, whether anticipated or unanticipated, arising from the beginning of Claimant's employment with any of the Released Parties through the date the Final Approval order is entered by the Court that were asserted, relate to those asserted, or which could have been asserted in the Action pursuant to the FLSA, including claims for wages, overtime, straight time, minimum wages,  premium pay, liquidated damages, interest, attorneys' fees, litigation costs, and equitable relief (collectively, the "Federal Law Released Claims").In addition, the Class

EXHIBIT F

Representatives and Opt-In Plaintiffs agree to release the Released Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date of this Order is entered by the Court, including, but are not limited to, those claims that were or could have been asserted in the Action; all other claims arising under the Fair Labor Standards Act ("FLSA"), the New York Labor Law and its' implementing regulations, and all other federal, state, and local statutes, regulations, and common law theories, all other claims for lost wages and benefits, wage deductions, interest, and penalties; all claims for wages, emotional distress, punitive damages, and attorneys' fees and expenses arising under federal, state, or local laws for discrimination, harassment, retaliation, and/or wrongful termination, such as, by way of example only, claims pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. section 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. section 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. section 12101 *et seq.*, and all claims arising under the law of contract and tort (the "Class Representative's and Opt-in Plaintiffs' Release of Claims") relating to Plaintiffs' employment by Defendants.

k.     By this Judgment, Class Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released and discharged the Released Parties from any claims, causes of action, demands, rights, and liabilities of every nature and description for attorneys' fees, costs, and expenses arising from or related to the Action, including but not limited to claims based on the FLSA, the NYLL, or any other statute or law (the "Class Counsel's Released Claims").

l.     Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims or Class Representative's Released Claims, any wrongdoing or liability of

EXHIBIT F

Defendants or any of the Released Parties, or whether class or collective action certification is warranted in any other litigation; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

m.    The action is dismissed on the merits and with prejudice, permanently barring the Class Representatives, Plaintiffs and all other Settlement Class Members (other than those who timely filed Opt-Out Forms) from prosecuting any of the Released Claims, the Claimants from prosecuting any of the Federal Released Claims, the Class Representative from prosecuting any of the Released Claims or Class Representative's Released Claims, or the Class Counsel from prosecuting any of the Class Counsels' Released Claims.

n.    The Court finds that the plan of allocation set forth in the Settlement Agreement is fair and reasonable and that distribution of the Settlement Fund to Claimants shall be done in accordance with the terms outlined in the Class Notice and Settlement Agreement.

o.    The Court hereby orders the appointment of Damion Stewart and Shurwin Thompson as Class Representatives for the Settlement Class for purposes of settlement.

p.    The Court hereby orders the appointment of Liz Schalet, Lipman & Plesur, LLP as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

EXHIBIT F

q.      Defendants have agreed to pay from the Qualified Settlement Fund:  (i) Class
        Counsel their reasonable attorneys' fees and costs in this matter; (ii) the
        Settlement Administrator its reasonable fees for its services; (iii) a portion of the
        mediation fee; (iv)VisionPro's share of payroll taxes on the Settlement Payments;
        and (v) an enhancement to the Class Representatives and opt-in Plaintiffs.  The
        Court finds that these payments are fair and reasonable.  Accordingly, the Court
        hereby awards to Class Counsel for attorneys' fees $116,666.6and Costs of
        $1,900 as of the date of disbursement.  The Court also hereby approves the
        payment of settlement administration costs in the approximate amount of $
        _____ to [_____] the Settlement Administrator for services rendered in
        this matter.

        The enhancement award to the Class Representatives and opt-in Plaintiffs in the
        following amounts: $9,000 to Plaintiff Shurwin Thompson, $9,000 to Plaintiff
        Damion Stewart, $8,000 to Plaintiff Edosa Isibor, $5,000 to Plaintiff Nial
        Williams, $5,000 to Plaintiff Basil Archer and $4,000 to Plaintiff Samuel
        Donovan, is approved for their service to the Class, including direct participation
        in Class Counsel's fact investigation and the settlement negotiations, their
        agreement to be bound by a much broader release of claims than the other class
        members, and their commitment to certain confidentiality obligations.

r.      The Settlement Administrator is further directed to make all of the foregoing
        payments to Class Counsel, the Settlement Administrator, and the Class
        Representatives in accordance with the terms of the Settlement Agreement.
        Those payments come out of the total Qualified Settlement Fund provided for in
        the Settlement Agreement, and Defendants shall not be required to make any
        additional payments in connection with the Settlement.

s.      The Settlement Administrator is directed to return to VisionPro: (1) 25% of the
        mediation fees in the Action, which VisionPro advanced to Plaintiffs prior to the
        mediation, in the total amount of $1,625.00; (2) the amount of the Qualified
        Settlement fund (with interest) that has allocated to Class Members who did not

                                        -8-                          EXHIBIT F

become Claimants, provided that no less than $100,000 will be paid to Claimants from the Net QSF; and (3) any amounts paid to Claimants by check but not cashed by a claimant within nine months of the check date.

t.      This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the above captioned matter, the Class Representatives, Plaintiffs, the Settlement Classes, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

u.      This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 2011

_____
The Honorable Sandra L. Townes
United States District Court Judge

DB1/ 67271818.4

                                   EXHIBIT F